UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RENÉ PAIGE                                              CIVIL ACTION

VERSUS                                                  NO. 16-17785

PELLERIN MILNOR                                         MAGISTRATE JUDGE
CORPORATION                                             JOSEPH C. WILKINSON, JR.

## ORDER AND REASONS ON MOTION

This is an employment discrimination action brought by plaintiff René Paige against

his former employer, Pellerin Milnor Corporation ("Pellerin"), asserting claims of disability

discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA"),

42 U.S.C. § 12101 et seq., and Title VII, 42 U.S.C. § 2000e et seq.; and unlawful

interference with plaintiff's rights under the Employee Retirement Income Security Act of

1974 ("ERISA"), 29 U.S.C. 1140.  Complaint, Record Doc. No. 1.  This matter was

referred to a United States Magistrate Judge for all proceedings and entry of judgment in

accordance with 28 U.S.C. § 636(c) upon written consent of all parties.  Record Doc.

No. 16.

Pellerin filed a motion under Fed. R. Civ. P. 12(b)(6) to dismiss all of plaintiff's

claims.  Record Doc. No. 13.  Paige filed a timely opposition memorandum, Record Doc.

No. 10, and Pellerin received leave to file a reply memorandum.  Record Doc. Nos. 19,

20, 21.  Having considered the complaint, the record, the arguments of the parties and the

applicable law, and for the following reasons, IT IS ORDERED that defendant's motion

to dismiss is GRANTED IN PART AND DENIED IN PART as follows.

ANALYSIS

A.    Standard of Review

Defendant moves under Rule 12(b)(6) to dismiss plaintiff's claims for failure to state a claim upon which relief can be granted.  Under this rule, as recently clarified by the Supreme Court,

> "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  A claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."

Harold H. Huggins Realty, Inc. v. FNC, Inc., 634 F.3d 787, 796 (5th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007))).

"The Supreme Court's decisions in Iqbal and Twombly . . . did not alter the long-standing requirement that when evaluating a motion to dismiss under Rule 12(b)(6), a court must accept[ ] all well-pleaded facts as true and view[ ] those facts in the light most favorable to the plaintiff."  Id. at 803 n.44 (quotation omitted); accord Murchison Capital Partners, L.P. v. Nuance Commc'ns, Inc., 625 F. App'x 617, 618 n.1 (5th Cir. 2015) (citing Wood v. Moss, 134 S. Ct. 2056, 2065 n.5 (2014)).

"With respect to any well-pleaded allegations 'a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'"  Jabary v.

City of Allen,  547 F. App'x 600, 604 (5th Cir. 2013) (quoting Iqbal, 556 U.S. at 664).

"Factual allegations must be enough to raise a right to relief above the speculative level,

on the assumption that all the allegations in the complaint are true (even if doubtful in

fact)."  Maloney Gaming Mgmt., L.L.C. v. St. Tammany Parish, 456 F. App'x 336, 340

(5th Cir. 2011) (quotations omitted) (citing Iqbal, 129 S. Ct. at 1959; Elsensohn v. St.

Tammany Parish Sheriff's Ofc., 530 F.3d 368, 371 (5th Cir. 2008); In re Katrina Canal

Breaches Litig., 495 F.3d 191, 205 n.10 (5th Cir. 2007)).

      B.    Title VII Claims

Although Paige's complaint asserts a claim under Title VII that Pellerin retaliated

against him "because of his disability," Record Doc. No. 1 at ¶ 38, Title VII prohibits

employment discrimination because of race, color, religion, sex or national origin, 42

U.S.C. § 2000e-2(a)(1), but not disability.  In turn, Title VII's anti-retaliation provision

"forbids employer actions that 'discriminate against' an employee . . . because he has

'opposed' a practice that Title VII forbids . . . .'"  Burlington N. & Santa Fe Ry. v. White,

548 U.S. 53, 58 (2006) (quoting 42 U.S.C. § 2000e-3(a)).  The anti-retaliation provision

thus "prevent[s] an employer from interfering (through retaliation) with an employee's

efforts to secure or advance enforcement of [Title VII's] basic guarantees."  Id. at 63.

Because Paige does not allege that he engaged in any activity based on any of the

characteristics protected by Title VII, he cannot state a retaliation claim under that statute.

Further, he is barred from attempting to do so now, as he did not file a charge of race, color,

religion, sex or national origin discrimination with the EEOC within 300 days of the last discriminatory employment action, which is a prerequisite to the filing of a discrimination lawsuit under Title VII in a federal court in Louisiana. Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109 (2002); Hartz v. Adm'rs of Tulane Educ. Fund, 275 F. App'x 281, 287 (5th Cir. 2008) (citing 42 U.S.C. §§ 2000e-5(e), 2000e-5(f)(1)) (additional citations omitted). Because more than 300 days have passed since Paige was fired on January 11, 2016, he cannot file a charge of race, color, religion, sex or national origin discrimination now, and his Title VII claims, if any, must be dismissed. Morgan, 536 U.S. at 113; Martin v. Lennox Int'l Inc., 342 F. App'x 15, 18 (5th Cir. 2009); Stith v. Perot Sys. Corp., 122 F. App'x 115, 117 (5th Cir. 2009); Tyler v. Union Oil Co., 304 F.3d 379, 382, 391 (5th Cir. 2002).

However, the ADA prohibits discrimination based on disability, 42 U.S.C. § 12132, and retaliation for having opposed disability discrimination or exercised any right granted or protected by the ADA. 42 U.S.C. § 12203(a). The ADA incorporates the remedies provided in Title VII. Mathes v. Harris Cty., 31 F. App'x 835 (5th Cir. 2002) (citing 42 U.S.C. § 12117(a); Dao v. Auchan Hypermkt., 96 F.3d 787, 789 (5th Cir. 1996)).

Paige's complaint states a claim for retaliation under the ADA, rather than Title VII. Accordingly, defendant's motion is GRANTED to the extent it seeks dismissal of any claim of retaliation under Title VII.

C.    ADA Claims

Defendant argues that Paige cannot establish a prima facie case of discrimination

or retaliation under the ADA.  Pellerin's motion is DENIED with respect to these claims.

The ADA prohibits an employer from discriminating against a "qualified individual

with a disability on the basis of that disability."  42 U.S.C. § 12112(a).  "To establish a

prima facie discrimination claim under the ADA, a plaintiff must prove:  (1) that he has a

disability; (2) that he was qualified for the job; [and] (3) that he was subject to an adverse

employment decision on account of his disability."  Equal Emp't Opportunity Comm'n v.

LHC Group, Inc., 773 F.3d 688, 697 (5th Cir. 2014).[1]

Paige's complaint asserts that he was a qualified individual with a disabling foot

condition who was absent from work and receiving benefits under his employer's short-

term disability plan and that Pellerin terminated him "because of" his disability without

attempting to make reasonable accommodations for his return to work.  Record Doc. No. 1

at ¶¶ 26, 34.  Contrary to defendant's argument, neither plaintiff's complaint, the attached

letters from his doctor stating that Paige was unable to work for 30 or 60 days after each

appointment, nor the attached charge of discrimination that plaintiff filed with the EEOC

asserts that he was permanently unable to perform the essential functions of his job.  His

---

[1]The Fifth Circuit in LHC Group noted that the cases regarding the third requirement of a prima facie case "splinter into three distinct lines" regarding that requirement, id. at 695, but resolves the disagreement with the formulation cited above.  This court need not address the intricacies of proving causation because Pellerin argues only that Paige has not alleged that he was terminated because of his disabling foot condition, which can be addressed on the face of the complaint.

complaint alleges that he was able to work, at least as of March 13, 2016, two months after defendant terminated his employment.  Record Doc. No. 1, ¶¶ 27, 45.

As to his retaliation claim, "'a plaintiff must establish a [prima facie] case of (1) engagement in an activity protected by the ADA, (2) an adverse employment action, and (3) a causal connection between the protected act and the adverse action.'" DeBlanc v. St. Tammany Parish Sch. Bd., 640 F. App'x 308, 312 (5th Cir. 2016) (quoting Seaman v. CSPH, Inc., 179 F.3d 297, 301 (5th Cir. 1999)).  Paige's complaint alleges that he engaged in protected activity by taking short-term disability leave and that defendant retaliated against him by terminating him "because of" his disability.  Record Doc. No. 1 at ¶ 38. These factual allegations are sufficient to state a plausible claim for relief.

Pellerin also argues that Paige's retaliation claim is barred because his EEOC charge, Record Doc. No. 1-3, contains a check in the box for disability discrimination, but not the one for retaliation.  "The scope of an EEOC charge is to be construed liberally, and courts consider not the scope of the administrative charge itself, but the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Vives v. Children's Hosp., Inc., No. 11-2080, 2013 WL 5607215, at *1 (E.D. La. Oct. 14, 2013) (quotations omitted) (citing Mack v. John L. Wortham & Son, L.P., 541 F. App'x 348, 358 (5th Cir. 2013); Pacheo v. Mineta, 448 F.3d 783, 788 (5th Cir. 2006)).

Unlike cases in which the Fifth Circuit has found that a plaintiff was barred from asserting in his federal complaint a completely different type of discrimination than the one(s) he alleged in his EEOC charge, see, e.g., Thomas v. Tex. Dep't of Crim. Justice, 220 F.3d 389, 395 (5th Cir. 2000) (EEOC charge alleged only sex discrimination, but not race); Kretchmer v. Eveden, Inc., 374 F. App'x 493, 495 (5th Cir. 2010) (charge had claims of religious and age discrimination, but not sex discrimination); Young v. City of Houston, 906 F.2d 177, 179-80 (5th Cir. 1990) (charge alleged race and age discrimination, but not sex discrimination), Paige's retaliation claim is within the scope of his EEOC charge.  The EEOC's investigation of his claim that Pellerin discriminated against him on the basis of disability by terminating his employment without providing him with reasonable accommodations to perform his duties would necessarily encompass allegations of retaliation based on the employer's identical actions.

Plaintiff therefore states claims for discrimination and retaliation under the ADA that are plausible on their face, and defendant's motion is DENIED as to these claims.

D.    Claims Under ERISA

Pellerin moves to dismiss plaintiff's claim because his complaint fails to allege defendant's "specific intent" to violate ERISA and because he seeks only compensatory damages, not equitable relief.

> Section 502(a)(1)(B) [29 U.S.C. § 1132(a)(1)(B)] of ERISA states that a plan participant or beneficiary may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms

of the plan, or to clarify his rights to future benefits under the terms of the plan."

Section 502(a)(3) [29 U.S.C. § 1132(a)(3)] states that a civil action may be brought:

by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

Currier v. Entergy Corp. Employee Benefits Comm., No. 16-2793, 2016 WL 6024531, at

*2 (E.D. La. Oct. 14, 2016) (quoting 29 U.S.C. §§ 1132(a)(1)(B), 1132(a)(3)).

Section 510, ERISA's anti-retaliation provision (codified at 29 U.S.C. § 1140),

further provides that:

It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary [of an employee benefit plan protected by ERISA] for exercising any right to which he is entitled under the provisions of an employee benefit plan, . . . or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan . . . .

29 U.S.C. § 1140. "Section 502, 29 U.S.C. § 1132, is the remedial provision for a violation

of § 510. See 29 U.S.C. § 1140 ('The provisions of section 1132 of this title shall be

applicable in the enforcement of this section.')." Goldberg v. Cushman & Wakefield Nat'l

Corp., No. 4:09-CV-700-Y, 2010 WL 3835143, at *3 (N.D. Tex. Sept. 30, 2010).

To establish a prima facie case of discrimination under ERISA, a plaintiff must establish that his employer fired him in retaliation for exercising an ERISA right or to prevent attainment of benefits to which he would have become entitled under an employee benefit plan. The plaintiff need not prove that the discriminatory reason was the only reason for discharge, but he must show that the loss of benefits was more than an

> incidental loss from his discharge.  This inference of discrimination can be
> proven by circumstantial evidence.

Holtzclaw v. DSC Commc'ns Corp., 255 F.3d 254, 260 (5th Cir. 2001) (citations omitted).

"'An essential element of a [29 U.S.C. § 1140 claim] is proof of defendant's specific discriminatory intent.'" Custer v. Murphy Oil USA, Inc., 503 F.3d 415, 423 (5th Cir. 2007) (quoting Lines v. Mass. Mut. Life Ins. Co., 43 F.3d 207, 209 (5th Cir. 1995)); accord Roberts v. Unitrin Specialty Lines Ins. Co., 405 F. App'x 874, 882 (5th Cir. 2010), overruled in part on other grounds by Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 117 (2002) (as stated in Heath v. Bd. of Supervisors, No. 16-30625, 2017 WL 923408, at *4 & n.4 (5th Cir. Mar. 8, 2017)).

Paige's complaint alleges that defendant's "unlawful and discriminatory conduct was . . . intended to injure the Plaintiff and done with deliberate indifference to his . . . rights" under ERISA.  Record Doc. No. 1 at ¶ 48.  The facts alleged by Paige are sufficient to create a plausible claim that Pellerin intended to violate ERISA when it fired him. Heimann v. Nat'l Elevator Indus. Pension Fund, 187 F.3d 493, 509 (5th Cir. 1999), overruled in part on other grounds by Arana v. Ochsner Health Plan, 338 F.3d 433 (5th Cir. 2003).  In support of its specific intent argument, defendant cites only cases that were decided on summary judgment or at trial based on the evidence presented.  The cited decisions are not on point, as Paige need not produce evidence to support his plausible allegations at this early pleading stage.

9

Pellerin also argues that, while Paige's complaint prays for damages, his ERISA retaliation claim must be dismissed because ERISA provides only for injunctive relief and does not permit recovery of monetary damages. This is not entirely correct. The United States Supreme Court has held that Section 502(a)(3) "allows a participant, beneficiary, or fiduciary 'to obtain other appropriate equitable relief' to redress violations of (here relevant) parts of ERISA 'or the terms of the plan.'" CIGNA Corp. v. Amara, 563 U.S. 421, 438 (2011) (quoting 29 U.S.C. § 1132(a)(3)). In certain circumstances, "an award of make-whole relief" including a monetary remedy can "fall within the scope of the term 'appropriate equitable relief' in § 502(a)(3)." Id. at 442; see also Gearlds v. Entergy Servs., Inc., 709 F.3d 448, 452 (5th Cir. 2013) (The district court erred by dismissing plaintiff's suit under Rule 12(b)(6) "because Gearlds sought only money damages, which is ordinarily a legal remedy. After Amara, however, that is not the end of the inquiry into equity. Gearlds's complaint [to recover make-whole damages from his former employer] is viable in light of Amara."); id. (citation omitted) (Although Gearlds "did not expressly plead or argue 'surcharge' [the term of art for an equity court's award of monetary relief], . . . he did argue that he should be made whole in the form of compensation for lost benefits, and his complaint specifically asked for '[a]ny and all other damages and/or relief, equitable or otherwise, to which [he] may be entitled under federal law.' Courts must focus on the substance of the relief sought and the allegations pleaded, not on the label used. . . . Gearlds has at least stated a plausible claim for relief, and therefore further proceedings are

required."); <u>McLendon v. Cont'l Can Co.</u>, 908 F.2d 1171, 1177, 1182 (3d Cir. 1990) (employees who were laid off before they became eligible for "layoff benefits" under a pension plan and who could "prove that an employer engaged in prohibited conduct intending to interfere with an employee's protected rights" under 29 U.S.C. § 1140 may receive money damages in addition to injunctive relief); <u>Goldberg</u>, 2010 WL 3835143, at *4-5 (When plaintiff alleged that her deceased husband's former employer "interfered with and prevented her continued eligibility" to the proceeds of her husband's life insurance policy by unlawfully terminating her husband's employment before his death, her complaint survived a motion to dismiss and she could seek benefits due under the policy as damages, not just equitable relief.).

In the instant case, Paige seeks compensatory damages and "[a]ny other relief this Honorable Court deems appropriate under the circumstances." Record Doc. No. 1 at p. 13. It remains to be seen whether, after further proceedings, his plausibly alleged claim of an ERISA violation will warrant an award of monetary relief, regardless how such relief might be styled as "other appropriate equitable relief." <u>Gearlds</u>, 709 F.3d at 452. Accordingly, defendant's motion to dismiss is DENIED as to plaintiff's ERISA claims.

<u>CONCLUSION</u>

For all of the foregoing reasons, IT IS ORDERED that defendant's motion to dismiss is GRANTED IN PART and that Paige's claims under Title VII are DISMISSED WITH PREJUDICE.

In all other respects, the motion is DENIED.  Plaintiff's claims remaining for trial at this time are his claims for disability discrimination and retaliation under the ADA and for interference and retaliation under ERISA.

New Orleans, Louisiana, this ___5th___ day of April, 2017.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE